**UNITED STATES CIRCUIT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Ft. Lauderdale Division

**Case No.: 21-cv-61615**

DANIEL LIRIANO, JR.,

    PLAINTIFF,

VS.

GALAXY INTERNATIONAL
PURCHASING, LLC, AND
RAUSCH STURM, LLP,

    DEFENDANTS.
_____/

**COMPLAINT**

    1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. 559.72, et seq. by Daniel Liriano, Jr.

    2.    This case centers on Defendants' repeated violation of the FDCPA and FCCPA despite having prior notice that the conduct leading to this action was violative of law specifically, by causing the issuance of writs for the garnishment of Plaintiff's assets who is not a debtor or otherwise liable in any way whatsoever to Defendants for the debt subject of their collection efforts.

**JURISDICTION AND VENUE**

    3.    This Court has diversity jurisdiction pursuant to 28 U.S.C. §1331 and federal question jurisdiction under 15 U.S.C. §1692k(d).

4. Under U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper before this Court under 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

6. Daniel Liriano ("Plaintiff") is a natural person, otherwise *sui juris*, who at all relevant times hereto resided in Broward County, Florida.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and the Fla. Stat. 559.55 *et seq*.

8. Defendant Galaxy International Purchasing, LLC, (herein after "Galaxy") is a Nevada limited liability company that, under belief and information, is primarily engaged in the business of purchasing defaulted consumer debt to collect and sue on them. Galaxy is a debt collector as defined by 15 U.S.C. § 1692a(6).

9. Defendant Rausch Sturm, LLP, (hereinafter "RSLLP," and together with Galaxy "Defendants") is a Florida limited liability partnership engaged in the practice of law in the state of Florida. Under belief and information, RSLLP's primary focus of practice is representing credit issuers and creditors in other words, RSLLP's regularly performs debt collections for clients such as Galaxy.

10. Both Defendants held themselves to Plaintiff as debt collectors and are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

11. Upon information and belief, at the time Defendants caused the issuance of writs of garnishment of Plaintiff's assets, Defendants knew that Plaintiff was the wrong person to pursue such actions against.

## **GENERAL ALLEGATIONS**

12. Plaintiff, David Liriano, Jr. was named after his father.

13. In June 2008, the Elite Recovery Services, Inc., obtained a default judgment in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, case number COWE-07-024403. The judgment was based upon an alleged debt owed to Household Bank by Plaintiff's father. A copy of the default judgment is attached hereto as Exhibit "A."

14. The judgment (in the amount of $1,820.98) was entered against Plaintiff's father.

15. Plaintiff's father died in March 2013.

16. In November 2019, Elite Recovery Services, Inc., assigned the judgment to Galaxy. A copy of the notice of assignment and motion to amend judgment is attached hereto as Exhibit "B."

17. In January 2020, Defendants filed a motion for issuance of writ of garnishment directed to Plaintiff and the state court issued a writ shortly thereafter. Copies of the motion and writ are attached as composite Exhibit "C."

18. In May 2020, Plaintiff, identified in the context of the state court action as "Third-Party," filed a motion to dismiss the writ of garnishment in the state court. The motion was predicated on Plaintiff being the wrong party named in the writ and allegations that Defendants violated the FDCPA and FCCA. A copy of the Plaintiff's state court motion is attached as Exhibit "D."

19. On or about June 26, 2020, the state court, having found that the Plaintiff herein is the wrong party to be named in the writ, granted the Plaintiff's motion to dismiss the writ of garnishment. A copy of the state court's order is attached hereto as Exhibit "E."

20. In the order, the state court not only dismissed the writ of garnishment against the instant Plaintiff but further ordered, *inter alia*, that Galaxy shall not attempt to pursue the writ of garnishment against the instant Plaintiff and that the instant Plaintiff (identified in the order as the "Third party") shall be entitled to any attorney's fees and costs resulting from subsequent action after this order is issued. Order ¶ 9.

21. Noticeably, in December 2020, Defendants amended the state court's default final judgment to include language that states that "[t]his judgment shall not be applicable for collection against Third Party, Daniel Liriano, (aka "Daniel Liriano Jr.")." A copy of the amended judgment is attached as Exhibit "F." Thus, Defendants knew that the instant Plaintiff is not the right party to name in a writ to collect on the amended judgment.

22. In June 2021, in blatant disregard of the state court's order, and in further violation of the FDCPA and FCCPA, the Defendants caused the issuance of yet an additional writ for the garnishment of Plaintiff's assets and served same on Plaintiff's financial institution Chase Bank. A copy of said writ of garnishment was mailed to Plaintiff's prior counsel of record in the state court action.

23. On or about August 4, 2021, Defendants filed a motion for entry of final garnishment judgment directed at Plaintiff and, again, mailed a copy to Plaintiff's prior counsel of record in the state court action. A copy of the motion is attached hereto as Exhibit "G."

24. Particularly troubling in this case is the fact that RSLLP, as officer of the court, not only allowed and assisted in the willful violation of the state court's order but made misrepresentations to the court to induce same to issue yet another unlawful writ of garnishment against Plaintiff.

## **GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

25. With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and Defendants are debt collectors as defined by 15.S.C. § 1692a(6).

The Fair Debt Collection Practices Act.

26. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. §1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

27. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue." See Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p.10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf. (Last accessed July 1, 2021)

28. The FDCPA is, for the most part, a strict liability statute, and debt collectors are generally liable for violations even if they are not knowing or intentional. *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175-77 (9th Cir. 2006).

29. For claims arising under the Fair Debt Collection Practices Act, such claims are assessed using the "least sophisticated debtor" standard. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010).

30. Section 1692a(6) of the FDCPA defines "debt collector" as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts."

<u>The Florida Consumer Collection Practices Act</u>.

31. With respect to the alleged debt, Plaintiff is a debtor as defined by Fla. Stat. 559.55 *et seq* and Defendants are consumer collection agencies as defined by Fla. Stat. 559.55 *et seq*.

32. The FCCPA is a strict liability statute.

33. The FCCPA is "[a]n analogue to the FDCPA" that "[p]rovides similar and additional protections for consumers in Florida." *Cedre v. Rushmore Loan Mgmt. Servs., LLC*, No. 6:17-cv-511-Orl-37KRS, 2018 WL 7284657, at *2 (M.D. Fla. Jan. 19, 2018).

34. The FCCPA states, in pertinent part, that "[i]n collecting consumer debts, no person shall . . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat. Additionally, the FCCPA contains a civil remedy provision that allows debtors to "bring a civil action against a person violating the provisions of s. 559.72..." Id. § 559.77(1). The FCCPA further states that "[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." Id. § 5599.77(5).

**COUNT I – VIOLATION OF SECTIONS 1692e(5) and 1692F(1) OF THE FDCPA**

35. Plaintiff realleges, reaffirms, and restates his allegations in paragraphs 12- 34 and further states that:

36. Under Section 1692e(5) of the FDCPA, debt collectors are prohibited from threatening any action that cannot legally be taken.

37. Under Section 1692f(1) of the FDCPA, debt collectors may only collect amounts that are expressly authorized by the agreement creating the debt or permitted by law.

38. As stated above, the state court's order attached hereto as Exhibit "D" clearly and unequivocally declares that Plaintiff is the wrong party to be named in a writ used to collect on the state court's judgment, and enjoined Defendants from further attempting to collect such debt from the Plaintiff herein. Defendants' own filing of the amended final judgment attached hereto as Exhibit "E" includes language confirming the Defendants' knowledge and understanding of the state court's findings and ruling.

39. Inexplicably and, notwithstanding the foregoing, Defendants wrongfully procured a new writ which they are using in an ongoing attempt to seize Plaintiff's assets to collect a debt they know is not Plaintiff's to pay.

40. Most disturbingly is the fact that, RSLLP, as officer of the court, has willfully participated in such a scheme by making misrepresentations to the state court so as to secure a writ it knows to be unlawful and which RSLLP is actively using to try and seize Plaintiff's assets at Chase Bank.

41. The Defendants' recidivism in issuing yet a new writ of garnishment is inexcusable, reflects the Defendants' disregard for the courts and law, and is the type of behavior that the FDCPA seeks protect consumers from.

42. The Defendants' violations of the FDCPA have harmed Plaintiff causing him emotional distress, embarrassment, and forced him to incur additional costs to enjoin Defendants' willful violation of the court's order and law.

**WHEREFORE**, based on the facts and law applicable in this case, Plaintiff requests that this Court find that the Defendants violated Sections 1692e(5) and 1692f(1) of the FDCPA as a matter of law and enter damages in favor of Plaintiff and against Defendants; impose punitive damages against the Defendants; tax Defendants with Plaintiff attorney's fees and costs; and enter any such further relief as the Court deem fair and just. Additionally, with respect to Defendant Rausch Sturm, LLP, Plaintiff requests that the court imposes further sanctions against said Defendant for its role in disobeying the state court's order, allowing further willful misrepresentations to the court despite said Defendant being an officer of the court, and lending itself to Galaxy's willful violations of the state court's order and the FDCPA.

## COUNT II – VIOLATION OF SECTION 1692E(2)(A) OF THE FDCPA

43. Plaintiff realleges, reaffirms, and restates his allegations in paragraphs 12- 34 and further states that:

44. Garnishing wages from someone who did not the debt falsely represents the legal nature of the debt under section 1692e(2)(A) of the FDCPA.

45. Other courts agree that attempting to collect a debt from a non-debtor "constitutes a 'false representation' as to the character or status of the debt in violation of 1692e." *Stuart v. AR Res., Inc.*, 2011 WL904167 at *4 & n.2 (E.D. Pa. Mar. 16, 2011); *Velazquez v. NCO Fin. Sys., Inc.*, 2011 WL2135633 at *5 (E.D. Pa. May 31, 2011).

46. Other courts have stated that persistently making demands on someone for payment from a person not obligated to repay the debt gives rise to liability under the FDCPA "as a matter of law because it is, ipso facto, a false representation about the status or character of the debt." *Owens v. Howe*, 2004 WL 6070565 at *11 (N.D. Ind. Nov. 8, 2004). Liability for falsely representing the character or legal status of a debt can be predicated upon conduct that was neither

knowing nor intentional.  *Gearing v. Check Brokerage Corp*., 233 F.3d 469, 473 (7 Cir. 2000); *Clark v. Capital Credit & Collection Servs., Inc*., 460thF.3d 1162, 1174-75 (9 Cir. 2006).

47. By seeking and/or serving the writ of garnishment, Defendants misrepresented the nature of the debt. Moreover, every garnishment of Plaintiff's assets constitutes a violation of Section 1692e(2)(A) of the FDCPA.

48. Most disturbingly is the fact that, defendant RSLLP, as officer of the court, believed to be almost exclusively dedicated to debt collection and thus presumedly knowledgeable of both the FDCPA and FCCPA, has actively cooperated in the Judgement Creditor further violations of both FDCPA and FCCPA, and willfully participated in such a scheme by making misrepresentations to the state court so as to secure a writ it knows to be unlawful and which RSLLP is actively using to try and seize Plaintiff's assets at Chase Bank.

49. The Defendants' recidivism in issuing yet a new writ of garnishment is inexcusable, reflects the Defendants' disregard for the courts and law, and is the type of behavior that the FDCPA seeks protect consumers from.

50. The Defendants' violations of the FDCPA have harmed Plaintiff causing him emotional distress, embarrassment, and forced him to incur additional costs to enjoin Defendants' willful violation of the court's order and law.

**WHEREFORE**, based on the facts and law applicable in this case, Plaintiff requests that this Court find that Defendants violated Section 1692e(2)(A) of the FDCPA as a matter of law and enter damages in favor of Plaintiff and against Defendants; impose punitive damages against the Defendants; tax Defendants with Plaintiff attorney's fees and costs; and enter any such further relief as the Court deem fair and just. Additionally, with respect to Defendant Rausch Sturm, LLP,

Plaintiff requests that the court imposes sanctions against said Defendant for its willful misrepresentations to the court despite said Defendant being an officer of the court .

### COUNT III – VIOLATION OF SECTION 1692E(10) OF THE FDCPA

51. Plaintiff realleges, reaffirms, and restates his allegations in paragraphs 12- 34 and further states that:

52. Defendants violated Section 1692e(10) of the FDCPA by using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

53. Defendants sought a writ of garnishment by providing the state court with incomplete information on the judgment debtor and are seemingly in violation of the state court's order and Defendants own amended final judgment.

54. Defendants are actively using the ill-gotten writ of garnishment as a false representation to Plaintiff's bank that Defendants have the legal right to seize Plaintiff's assets when they know they do not have such legal right.

55. Most disturbingly is the fact that, RSLLP, as officer of the court, has willfully participated in such fraudulent scheme.

56. The Defendants' recidivism in issuing yet a new writ of garnishment is inexcusable, reflects the Defendants' disregard for the courts and law, and is the type of behavior that the FDCPA seeks protect consumers from.

57. The Defendants' violations of the FDCPA have harmed Plaintiff causing him emotional distress, embarrassment, and forced him to incur additional costs to enjoin Defendants' willful violation of the court's order and law.

**WHEREFORE**, based on the facts and law applicable in this case, Plaintiff requests that this Court find that Defendants violated Section 1692e(10) of the FDCPA as a matter of law and enter damages in favor of Plaintiff and against Defendants; impose punitive damages against the Defendants; tax Defendants with Plaintiff attorney's fees and costs; and enter any such further relief as the Court deem fair and just. Additionally, with respect to Defendant Rausch Sturm, LLP, Plaintiff requests that the court imposes sanctions against said Defendant for its willful misrepresentations to the court despite said Defendant being an officer of the court.

### COUNT IV – VIOLATION OF THE FCCPA

58. Plaintiff realleges, reaffirms, and restates his allegations in paragraphs 12- 34 and further states that:

59. Like the FDCPA, the FCCPA prohibits creditors and debt collectors from engaging in fraudulent, abusive, and harassing tactics in collecting debts for the State of Florida.

60. The Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–.785, was enacted as an "addition to the requirements and regulations of the [FDCPA]," and its goal is -4 - "to provide the consumer with the most protection possible under either state or federal statute." Fla. Stat. § 559.565; LeBlanc, 601 F.3d at 1192.Section 559.72(9) prohibits a person collecting consumer debts from claiming, attempting, or threatening "to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist."

61. Section 559.72(9) of the FCCPA prohibits debt collectors to claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

62. As stated above, the state court's order attached hereto as Exhibit "D" clearly and unequivocally declares that Plaintiff is the wrong party to be named in a writ used to collect on the state court's judgment, further and enjoined Defendants from further attempting to collect such debt from the instant Plaintiff. Defendant's own filing of the amended final judgment attached hereto as Exhibit "E" includes language confirming the Defendants' knowledge and understanding of the state court's findings and ruling.

63. Notwithstanding the foregoing, Defendants wrongfully procured a new writ which they are using in an ongoing attempt to seize Plaintiff's attempts to collect an unlawful debt.

64. Most disturbingly is the fact that RSLLP, as officer of the court, believed to be almost exclusively dedicated to debt collection and thus presumedly knowledgeable of both the FDCPA and FCCPA, has actively cooperated in the Judgement Creditor further violations of both FDCPA and FCCPA, and willfully participated in such a scheme by making misrepresentations to the state court so as to secure a writ it knows to be unlawful and which RSLLP is actively using to try and seize Plaintiff's assets at Chase Bank.

65. The Defendants' recidivism in issuing yet a new writ of garnishment is inexcusable, reflects the Defendants' disregard for the courts and law, and is the type of behavior that the FCCPA seeks protect consumers from.

66. The Defendants' violations of the FCCPA have harmed Plaintiff causing him emotional distress, embarrassment, and forced him to incur additional costs to enjoin Defendants' willful violation of the court's order and law.

**WHEREFORE**, based on the facts and law applicable in this case, Plaintiff requests that this Court find that the Defendants violated the FCCPA as a matter of law and enter damages in favor of Plaintiff and against Defendants; impose punitive damages against the Defendants; tax

Defendants with Plaintiff attorney's fees and costs; and enter any such further relief as the Court deem fair and just. Additionally, with respect to Defendant Rausch Sturm, LLP, Plaintiff requests that the court imposes further sanctions against said Defendant for its role in disobeying the state court's order, allowing further willful misrepresentations to the court despite said Defendant being an officer of the court, and lending itself to Galaxy's willful violations of the state court's order and the FCCPA.

### TRIAL BY JURY REQUESTED

Plaintiff requests a trial by jury in this case.

Respectfully submitted this August 5, 2021,

By: */s/ Kristen D. Montgomery*
Michael A. Citron, Esq.
Florida Bar No.: 105083
Kristen D. Montgomery, Esq.
FBN: 1003495
MAC Legal, P.A.
4601 Sheridan Street
Suite #205
Hollywood, FL 33021
(954) 395-2954 - Telephone
michael@maclegalpa.com **for E-Mail Correspondence**
service@maclegalpa.com **for E-Service**